IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| BENITO POMPA, RAMONA POMPA § | CASE NO: 04-10177 | |
| Debtor(s) § | | |
| § | CHAPTER 13 | |
| § | | |
| BENITO POMPA, RAMONA POMPA § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 05-1001 | |
| § | | |
| DOMINGO MUNIZ, LETICIA MUNIZ § | | |
| Defendant(s) § | | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants' Motion for Summary Judgment [docket no. 12] is granted.

### Background

Plaintiffs, Benito Pompa and Ramona Pompa, filed a petition under chapter 13 on February 8, 2004. On January 14, 2005, Plaintiffs filed this adversary proceeding pursuant to 11 U.S.C. § 544. The Complaint seeks to set aside a August 3, 2004 foreclosure sale against the Pompa's property. On January 18, 2005, the Court granted Plaintiffs' Motion for Temporary Restraining Order. At a preliminary injunction hearing on January 27, 2005, the Court denied the preliminary injunction and vacated the TRO.

The Defendants, Domingo Muniz and Leticia Muniz, filed a Motion for Summary Judgment on April 13, 2005. The Court held a hearing on the matter on April 19, 2005, and ordered Plaintiffs to file a reply brief to the Motion for Summary Judgment by May 13, 2005. Plaintiffs failed to file a reply brief or a response. On May 17, 2005, the Court held a hearing on the Motion for Summary Judgment and announced its intention to grant summary judgment.

### Summary Judgment Standard

"A motion for summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Pluet v. Frazier,* 355 F.3d 381, 383 (5th Cir. 2004). Material issues are those which could affect the outcome of the action. *Wyatt v. Hunt Plywood, Co. Inc.,* 297 F.3d 405, 409 (5th Cir. 2002). Upon a motion for summary judgment, the burden shifts to the non-moving party to establish a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court then views the facts in the light most favorable to the nonmoving party. *St. David's Health Care Systems v.*

*United States*, 349 F.3d 232, 234 (5th Cir. 2003) (citing *Wyatt*, 297 F. 3d 409).

## Analysis

It is undisputed that on May 6, 2004, the Bankruptcy Court entered an Order Concerning Relief from the Automatic Stay as to the foreclosed property in this case. The Order stated that: "if an Act of Default occurs, the Debtors will have ten (10) days from the sending of a letter by Movants informing them of the Default, to cure such Default..." and "[t]hat if the Debtors fail to cure such Default within ten (10) days after the sending of the letter informing of such Default, the Automatic Stay shall lift without further action by the Court and the Movants may exercise their rights upon the collateral without further delay." A failure to maintain insurance on the property qualifies as an "Act of Default" by the Debtors.

The Plaintiffs stipulate that they received a letter from Defendants on May 18, 2004, advising them that they were in default of the March, 2004 order due to the cancellation of their insurance policy on the property. As such, the Debtors had ten days to cure the default. The Plaintiffs further stipulate that they received a letter on June 4, 2004, indicating that ten days had elapsed since the May 18 letter, and therefore the automatic stay was no longer in effect as to the property. The Debtors obtained insurance on the property on June 8, 2004.

There is no dispute that the Debtors violated the March, 2004 Order through failure to maintain insurance on the property. There is no dispute that the Debtors failed to obtain adequate insurance within 10 days of receipt of the May 18 letter from Defendants. Accordingly, the Defendants were permitted to foreclose on the property without delay.

The Petition to Set Aside a Foreclosure Sale states that the sale should be set aside since the Debtors were current on their payments to the Trustee, and that there was insurance on the property as of the date of their filing this adversary proceeding. However, the insurance obtained on June 8, 2004 was outside of the 10-day cure period.

Defendants' Motion for Summary Judgment alleges that the Plaintiffs have failed to state a cause of action in their Petition to Set Aside a Foreclosure Sale. Defendants indicate that no dispute exists regarding the lack of insurance, notice to the Plaintiff/Debtors, or failure by Plaintiff/Debtors to cure the lack of insurance within 10 days after the May 18 letter. Accordingly, the burden shifts to the Plaintiffs to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. at 322.

Plaintiffs have failed to establish any genuine issue of material fact in response to Defendants' Motion for Summary Judgment, and the Court sees no genuine issue of material fact is alleged in the Petition to Set Aside a Foreclosure Sale. No factual dispute exists as to the Defendants' right to foreclose on the property.

As no genuine issue of material fact exists in the present adversary proceeding, the Motion for Summary Judgment is granted.

SIGNED 05/31/2005

MARVIN ISGUR
United States Bankruptcy Judge